ORIGINAL
F I L E D

JUN 1 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

ADR

1  **CHARLES L. THOEMING (SB# 153504)**
2  **THEODORE J. BIELEN, JR. (SB# 56395)**
   **BIELEN, LAMPE & THOEMING**, P.A.
3  Two Corporate Centre
   1390 Willow Pass Road
   Suite 1020
4  Concord, CA  94520
   Tel: (925)288.9720
5  Fax: (925)288.9731

6  Attorneys for Plaintiff

7             **IN THE UNITED STATES DISTRICT COURT FOR**

8               **THE NORTHERN DISTRICT OF CALIFORNIA**

9  **WOODMARK GROUP,**                    C07-03063   **BZ**

10            Plaintiff,          )  CIVIL ACTION NO:
                                  )
11     v.                         )
                                  )
12                                )
   **RICK MAGERS, INDIVIDUALLY,**        )
13 **AND D/B/A GRAYSON HILLS**           )   **COMPLAINT FOR TRADEMARK**
   **VINEYARDS AND WINERY,**             )   **INFRINGEMENT, UNFAIR**
14 **AND/OR GRAYSON HILLS WINERY,**      )   **COMPETITION, AND**
   and **CONNIE MAGERS,**                )   **PRELIMINARY INJUNCTION**
15 **INDIVIDUALLY, AND D/B/A**           )
   **GRAYSON HILLS VINEYARDS**           )
16 **AND WINERY, AND/OR GRAYSON**        )
   **HILLS WINERY,**                     )
17                                )   JURY TRIAL DEMANDED
            Defendants.           )
18                                )

19              **PLAINTIFF'S ORIGINAL COMPLAINT**

20                      A.  Parties

21    1. Plaintiff, Woodmark Group, is a corporation organized under

22 the laws of the State of California.

23    2A.  Upon information and belief, Defendant, Rick Magers, an

24 individual, may be served with process at 2815 Ball Road,

25 Whitewright, Texas 75491.

26    2B.  Upon information and belief, Defendant, Connie Magers, an

27 individual, may be served with process at 2815 Ball Road,

28 Whitewright, Texas 75491.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**     - 1 -

1

## B. Jurisdiction

2   3.   The court has jurisdiction over the lawsuit under 28
3   U.S.C. §1338 because the suit arises under The Lanham Act, 15
4   U.S.C. §1051, et seq.   More specifically, the court has
5   jurisdiction over the lawsuit because the action arises under 15
6   U.S.C. §1125(a).

7

## C. Venue

8   4.   Venue is proper in this district under 28 U.S.C.
9   §1391(a)(2) and/or §1391(b)(2) because a substantial part of the
10  events or omissions giving rise to this claim occurred in this
11  district.

12

## D. Conditions Precedent

13  5.   All conditions precedent have been performed or have
14  occurred.

15

## E. Facts

16  6.   Plaintiff is in the business of the production and sales
17  of fine wines under its GRAYSON CELLARS mark; upon information
18  and belief, defendants are in the business of producing and
19  selling wine.

20  7.   Plaintiff is the owner of the trademark GRAYSON CELLARS
21  and has continuously used that mark in connection with wine since
22  at least as early as April 25, 2005.

23  8.   Among the products and services that defendants sell are
24  wines under the marks "Grayson Hills Winery" and/or "Grayson
25  Hills Vineyards and Winery" and/or their website
26  www.graysonhillswinery.com.

27  9.   The trademark GRAYSON CELLARS is inherently distinctive,
28  as it neither serves as a name for wine nor describes any

**COMPLAINT FOR TRADEMARK INFRINGEMENT**      - 2 -

1  quality, characteristic, or ingredient of the wine.

2      10.   Plaintiff has used and promoted its mark in or on product

3  labeling and advertising.  A representative copy of plaintiff's

4  GRAYSON CELLARS mark used on plaintiff's wine labels is attached

5  to this complaint as Exhibit "A", and incorporated by reference

6  for all purposes.  As a result of extensive use and promotion,

7  plaintiff's GRAYSON CELLARS mark has acquired a favorable

8  reputation to consumers as an identifier and symbol of plaintiff

9  and its products, services, and goodwill.  Accordingly, the

10  GRAYSON CELLARS mark is strong and is entitled to broad

11  protection.

12      11.   Plaintiff owns United States Trademark Application

13  Serial No. 78/616,559 for Registration on the Principal Register

14  for the GRAYSON CELLARS mark.  Plaintiff's application for

15  trademark registration was filed on April 25, 2005, and is

16  pending as a valid and subsisting application.

17      12.   Plaintiff continues to invest substantial sums in

18  promoting its products and services offered under the GRAYSON

19  CELLARS mark.

20      13.   Despite the limitless other marks that defendant could

21  have chosen, they wrongfully appropriated marks which include the

22  identical root "Grayson" of the literal element of plaintiff's

23  GRAYSON CELLARS mark, without permission or other authorization

24  from plaintiff.

25      14.   Defendants' wrongful activities are willful for the

26  following reasons:

27           a. Defendants chose a trademark identical to plaintiff's

28               the root "Grayson" of the literal element of plaintiff's

COMPLAINT FOR TRADEMARK INFRINGEMENT      - 3 -

1      GRAYSON CELLARS mark, even though the most rudimentary
2      trademark search would have revealed plaintiff's pending
3      application for federal trademark registration for the
4      identical literal root element of the mark for identical
5      types of products.

6   b. Defendants have continued to use the confusingly similar
7      designation after plaintiff notified them of plaintiff's
8      prior rights to the GRAYSON CELLARS mark.

9   F. Count 1 – Trademark Infringement Under the Lanham Act

10      15.    Defendants' unauthorized use of either "Grayson Hills
11  Winery" or "Grayson Hills Vineyards and Winery" and/or their
12  website "www.graysonhillswinery.com" as a mark falsely indicates
13  to consumers that defendants' wine products or services originate
14  from, are approved by, are sponsored by, are licensed by, or are
15  affiliated with plaintiff or are otherwise associated with
16  plaintiff's wine products and/or plaintiff's mark GRAYSON
17  CELLARS.

18      16.    Defendants' unauthorized use of "Grayson Hills Winery"
19  and/or "Grayson Hills Vineyards and Winery" and/or their website
20  "www.graysonhillswinery.com" in the manner described above has
21  caused confusion, caused mistake, or deceived customers and
22  potential customers of the parties by suggesting some
23  affiliation, connection, or association of defendant with
24  plaintiff and/or plaintiff's mark GRAYSON CELLARS.   If not
25  enjoined, these unauthorized activities and uses in the manner
26  described above are likely to cause continued confusion, to cause
27  mistake, or to deceive customers and potential customers of the
28  parties by suggesting some affiliation, connection, or

COMPLAINT FOR TRADEMARK INFRINGEMENT     - 4 -

1 | association of defendant with plaintiff and/or plaintiff's mark
2 | GRAYSON CELLARS.

3 | 17.   Defendants' actions, as set forth above, constitute
4 | trademark infringement in violation of the Lanham Act, 15 U.S.C.
5 | §1114(1).

6 | G. Count 2 - Common-Law Unfair Competition Under the Lanham Act
7 | 18.   Defendants' actions, as set forth above, constitute
8 | unfair competition in violation of the Lanham Act, 15 U.S.C.
9 | §1125(a).

10 | H.   Count 3 - Common-Law Unfair Competition

11 | 19.   Defendants' acts, as set forth above, constitute unfair
12 | competition under the common law of the State of California.

13 | I.   Count 4 - Request for Preliminary Injunction

14 | 20.   Plaintiff seeks to enjoin defendants and their agents
15 | and representatives from using the trademark(s) "Grayson Hills
16 | Winery" and/or "Grayson Hills Vineyards and Winery" and/or their
17 | website "www.graysonhillswinery.com" on defendants' commercial
18 | products during the pendency of this action, because this
19 | activity infringes plaintiff's trademarked wines and/or
20 | plaintiff's mark GRAYSON CELLARS.

21 | 21.   There is a substantial likelihood that plaintiff will
22 | prevail on the merits.  Plaintiff's rights in and to the mark
23 | GRAYSON CELLARS is senior and superior to defendants' rights in
24 | and to any mark containing the literal element root "Grayson."
25 | Plaintiff's use in commerce and interstate commerce of its mark
26 | GRAYSON CELLARS on its fine wines has been continuous since at
27 | least April 25, 2005.  Upon information and belief, defendants'
28 | use of "Grayson Hills Winery" and/or "Grayson Hills Vineyards and

COMPLAINT FOR TRADEMARK INFRINGEMENT     - 5 -

1  Winery" and/or their website "www.graysonhillswinery.com" began
2  in March 2007, when defendants first received ATF labeling
3  approval for the mark "Grayson Hills Winery" on their bottled
4  wines.

5  22.   If the court does not grant a preliminary injunction,
6  defendants will continue the activities that infringe plaintiff's
7  trademark in the manner described above.  Upon information and
8  belief, defendants have launched an active publicity and
9  advertising campaign centered around the marks "Grayson Hills
10  Winery" and/or "Grayson Hills Vineyards and Winery" and/or their
11  website "www.graysonhillswinery.com" including, but not limited
12  to, a web site campaign touting and offering their wines, a
13  tasting room, and advertised wine products using "Grayson Hills
14  Winery" and/or "Grayson Hills Vineyards and Winery" marks, and/or
15  their website "www.graysonhillswinery.com," sales and promotion
16  of wine products and productions under the marks "Grayson Hills
17  Winery" and/or "Grayson Hills Vineyards and Winery" and/or their
18  website "www.graysonhillswinery.com."  Upon information and
19  belief, defendants' advertising and promotional activities under
20  the marks "Grayson Hills Winery" and/or "Grayson Hills Vineyards
21  and Winery" and/or their website "www.graysonhillswinery.com"
22  also includes, but are not limited to, a contractual relationship
23  with Appellation America, Inc., a California corporation doing
24  business in San Francisco, California as a communications and
25  publications enterprise.

26  23.   Plaintiff will suffer irreparable injury if the court
27  does not enjoin defendants from using the "Grayson Hills Winery"
28  and/or "Grayson Hills Vineyards and Winery" marks and/or their

COMPLAINT FOR TRADEMARK INFRINGEMENT      - 6 -

1  website "www.graysonhillswinery.com" on defendants' wine products
2  because plaintiff's GRAYSON CELLARS mark will suffer from
3  dilution or generic use.

4      24.  Defendants will not suffer undue hardship or loss as a
5  result of the issuance of a preliminary injunction.  Defendants'
6  only recently received federal labeling approval for "Grayson
7  Hills Winery."  Defendants' advertising and marketing efforts
8  under their "Grayson Hills Winery" and/or "Grayson Hills
9  Vineyards and Winery" marks, and/or their website
10  "www.graysonhillswinery.com" are nascent and, as such, changing
11  to a new mark, new label, and new website will be less expensive
12  at this early juncture of defendants' enterprise.

13      25.  Issuance of a preliminary injunction would not adversely
14  affect the public interest because it would ultimately protect
15  consumers from confusion, error and deception as to the wine
16  related productions of defendants, including defendants' web-
17  based identity for wine products and/or wineries.

18      26.  Plaintiff asks the court to set this request for
19  preliminary injunction for hearing at the earliest possible time
20  and, after hearing the request, issue a preliminary injunction
21  against defendants.

22                          J.  Damages

23      27.  As a direct and proximate result of defendants' conduct,
24  plaintiff suffered the following damages:

25          a. Actual damages; and

26          b. Enhanced damages for willful infringement.

27      28.  Defendants appreciated that their unauthorized use of a

28

COMPLAINT FOR TRADEMARK INFRINGEMENT    - 7 -

1  mark confusingly similar to plaintiff's would result in a benefit
2  to defendant.

3      29.   Defendants' unauthorized use of "Grayson Hills Winery"
4  and/or "Grayson Hills Vineyards and Winery" and/or their website
5  "www.graysonhillswinery.com" unjustly enriches defendants at the
6  expense of plaintiff's reputation and goodwill.

7                          K.  Attorney Fees

8      30.   This is an exceptional case, and plaintiff is entitled
9  to an award of attorney fees under 15 U.S.C. §1117(a).

10                             L.  Prayer

11     31.   For these reasons, plaintiff asks for judgment against
12  defendants, jointly and severally, for the following:

13      a. Defendants, their officers, agents, servants, employees,
14         and attorneys, and all persons in active concert or
15         participation with any of them, be preliminarily and
16         permanently enjoined from the following:

17         (1)   Using the designation and/or root "GRAYSON", or
18               any other confusingly similar designation, in
19               connection with the promotion, advertising, or
20               offering of wine products, productions, and/or
21               services.

22         (2)   Competing unfairly with plaintiff in any manner,
23               including, without limitation, unlawfully adopting or
24               infringing on plaintiff's GRAYSON CELLARS mark or
25               adopting or using any other marks or designations
26               that are confusingly similar to plaintiff's GRAYSON
27               CELLARS mark.

28         (3)   Conspiring with, aiding, assisting, or abetting

COMPLAINT FOR TRADEMARK INFRINGEMENT        - 8 -

1          any other person or entity in engaging in or

2          performing any of the activities referred to in

3          subparagraphs (1) and (2) above.

4    b. Defendants, their officers, agents, servants, employees,

5          and attorneys, and all persons in active concert or

6          participation with any of them, deliver up for

7          destruction, or show proof of destruction of, any and

8          all products, labels, signs, prints, packages, wrappers,

9          receptacles, and advertisements, and any other materials

10         in their possession or control that depict or reference

11         the root designation "GRAYSON" or any other confusingly

12         or substantially similar mark, and any materials or

13         articles used for making or reproducing the same, as

14         provided by 15 U.S.C. §1118.

15   c. Defendants file with the court and serve on plaintiff,

16         within 30 days after the entry and service on defendants

17         of an injunction, a report in writing and under oath

18         setting forth in detail the manner and form in which

19         defendants has complied with the provisions of

20         subparagraphs (a) and (b) above.

21   d. Plaintiff recover all damages it has sustained as a

22         result of defendants' infringement and unfair

23         competition.

24   e. Plaintiff in addition be awarded treble damages under 15

25         U.S.C. §1117(b).

26   f. An accounting be directed to determine defendants'

27         profits resulting from their infringement and unfair

28         competition and that the profits be paid over to

COMPLAINT FOR TRADEMARK INFRINGEMENT     - 9 -

1          plaintiff, increased as the court determines is

2          appropriate to the circumstances of this case.

3     g. The court declare this case an exceptional case and

4          award plaintiff its reasonable attorney fees for

5          prosecuting this action under 15 U.S.C. §1117(a).

6     h. Under 15 U.S.C. §1119, the court order the United States

7          Patent and Trademark Office to cancel any pending

8          application for trademark registration defendants may

9          presently have for "Grayson Hills Winery" and/or

10         "Grayson Hills Vineyards and Winery" or any mark using

11         the literal element root "GRAYSON" and to cancel any

12         pending domain name defendants may presently have for

13         "www.graysonhillswinery.com."

14    I. Plaintiff recover its costs of this action and

15         prejudgment and postjudgment interest.

16    j. Plaintiff have all other relief the court deems

17         appropriate.

18    Dated: June 12, 2007.   Respectfully submitted,

19

20

21    By:   Charles L. Thoeming
      BIELEN, LAMPE & THOEMING, P.A.
      Two Corporate Centre
22    1390 Willow Pass Road
      Suite 1020
23    Concord, CA 94520
      (925)288.9720
24    ATTORNEYS FOR PLAINTIFF

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT   - 10 -



