CHARLES L. THOEMING (SB# 153504)
THEODORE J. BIELEN, JR. (SB# 56395)
BIELEN, LAMPE & THOEMING, P.A.
Two Corporate Centre
1390 Willow Pass Road
Suite 1020
Concord, CA 94520
Tel: (925)288.9720
Fax: (925)288.9731

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODMARK GROUP, | ) |
| Plaintiff, | ) CIVIL ACTION NO: **C07-03063 BZ** |
| v. | ) |
| RICK MAGERS, INDIVIDUALLY, AND D/B/A GRAYSON HILLS VINEYARDS AND WINERY, AND/OR GRAYSON HILLS WINERY, and CONNIE MAGERS, INDIVIDUALLY, AND D/B/A GRAYSON HILLS VINEYARDS AND WINERY, AND/OR GRAYSON HILLS WINERY, | ) **FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND PRELIMINARY INJUNCTION** |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

PLAINTIFF'S FIRST AMENDED COMPLAINT

A. Parties

1. Plaintiff files this amended complaint as allowed under Rule 15 of the Federal Rules of Civil Procedure to make correction to its name. Plaintiff's correct name is Woodmar Group. Plaintiff, Woodmar Group, is a corporation organized under the laws of the State of California.

2A. Upon information and belief, Defendant, Rick Magers, an individual, may be served with process at 2815 Ball Road, Whitewright, Texas 75491.

FIRST AMENDED COMPLAINT                -1-

2B. Upon information and belief, Defendant, Connie Magers, an individual, may be served with process at 2815 Ball Road, Whitewright, Texas 75491.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1338 because the suit arises under The Lanham Act, 15 U.S.C. §1051, et seq. More specifically, the court has jurisdiction over the lawsuit because the action arises under 15 U.S.C. §1125(a).

### C. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(2) and/or §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### D. Conditions Precedent

5. All conditions precedent have been performed or have occurred.

### E. Facts

6. Plaintiff is in the business of the production and sales of fine wines under its GRAYSON CELLARS mark; upon information and belief, defendants are in the business of producing and selling wine.

7. Plaintiff is the owner of the trademark GRAYSON CELLARS and has continuously used that mark in connection with wine since at least as early as April 25, 2005.

8. Among the products and services that defendants sell are wines under the marks "Grayson Hills Winery" and/or "Grayson Hills Vineyards and Winery" and/or their website

FIRST AMENDED COMPLAINT                    -2-

1  www.graysonhillswinery.com.

2     9.   The trademark GRAYSON CELLARS is inherently distinctive, as it neither serves as a name for wine nor describes any quality, characteristic, or ingredient of the wine.

5     10.  Plaintiff has used and promoted its mark in or on product labeling and advertising.  A representative copy of plaintiff's GRAYSON CELLARS mark used on plaintiff's wine labels is attached to this complaint as Exhibit "A", and incorporated by reference for all purposes.  As a result of extensive use and promotion, plaintiff's GRAYSON CELLARS mark has acquired a favorable reputation to consumers as an identifier and symbol of plaintiff and its products, services, and goodwill.  Accordingly, the GRAYSON CELLARS mark is strong and is entitled to broad protection.

15    11.  Plaintiff owns United States Trademark Application Serial No. 78/616,559 for Registration on the Principal Register for the GRAYSON CELLARS mark.  Plaintiff's application for trademark registration was filed on April 25, 2005, and is pending as a valid and subsisting application.

20    12.  Plaintiff continues to invest substantial sums in promoting its products and services offered under the GRAYSON CELLARS mark.

23    13.  Despite the limitless other marks that defendant could have chosen, they wrongfully appropriated marks which include the identical root "Grayson" of the literal element of plaintiff's GRAYSON CELLARS mark, without permission or other authorization from plaintiff.

28    14.  Defendants' wrongful activities are willful for the

FIRST AMENDED COMPLAINT                    -3-

following reasons:

    a. Defendants chose a trademark identical to plaintiff's the root "Grayson" of the literal element of plaintiff's GRAYSON CELLARS mark, even though the most rudimentary trademark search would have revealed plaintiff's pending application for federal trademark registration for the identical literal root element of the mark for identical types of products.

    b. Defendants have continued to use the confusingly similar designation after plaintiff notified them of plaintiff's prior rights to the GRAYSON CELLARS mark.

F.   <u>Count 1 – Trademark Infringement Under the Lanham Act</u>

15.   Defendants' unauthorized use of either "Grayson Hills Winery" or "Grayson Hills Vineyards and Winery" and/or their website "www.graysonhillswinery.com" as a mark falsely indicates to consumers that defendants' wine products or services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with plaintiff or are otherwise associated with plaintiff's wine products and/or plaintiff's mark GRAYSON CELLARS.

16.   Defendants' unauthorized use of "Grayson Hills Winery" and/or "Grayson Hills Vineyards and Winery" and/or their website "www.graysonhillswinery.com" in the manner described above has caused confusion, caused mistake, or deceived customers and potential customers of the parties by suggesting some affiliation, connection, or association of defendant with plaintiff and/or plaintiff's mark GRAYSON CELLARS. If not enjoined, these unauthorized activities and uses in the manner

**FIRST AMENDED COMPLAINT**            -4-

1  described above are likely to cause continued confusion, to cause
2  mistake, or to deceive customers and potential customers of the
3  parties by suggesting some affiliation, connection, or
4  association of defendant with plaintiff and/or plaintiff's mark
5  GRAYSON CELLARS.

6     17.   Defendants' actions, as set forth above, constitute
7  trademark infringement in violation of the Lanham Act, 15 U.S.C.
8  §1114(1).

9  G.   <u>Count 2 – Common-Law Unfair Competition Under the Lanham Act</u>
10    18.   Defendants' actions, as set forth above, constitute
11 unfair competition in violation of the Lanham Act, 15 U.S.C.
12 §1125(a).

13          H.   <u>Count 3 – Common-Law Unfair Competition</u>
14    19.   Defendants' acts, as set forth above, constitute unfair
15 competition under the common law of the State of California.

16          I.   <u>Count 4 – Request for Preliminary Injunction</u>
17    20.   Plaintiff seeks to enjoin defendants and their agents
18 and representatives from using the trademark(s) "Grayson Hills
19 Winery" and/or "Grayson Hills Vineyards and Winery" and/or their
20 website "www.graysonhillswinery.com" on defendants' commercial
21 products during the pendency of this action, because this
22 activity infringes plaintiff's trademarked wines and/or
23 plaintiff's mark GRAYSON CELLARS.

24    21.   There is a substantial likelihood that plaintiff will
25 prevail on the merits.  Plaintiff's rights in and to the mark
26 GRAYSON CELLARS is senior and superior to defendants' rights in
27 and to any mark containing the literal element root "Grayson."
28 Plaintiff's use in commerce and interstate commerce of its mark

FIRST AMENDED COMPLAINT         -5-

GRAYSON CELLARS on its fine wines has been continuous since at least April 25, 2005. Upon information and belief, defendants' use of "Grayson Hills Winery" and/or "Grayson Hills Vineyards and Winery" and/or their website "www.graysonhillswinery.com" began in March 2007, when defendants first received ATF labeling approval for the mark "Grayson Hills Winery" on their bottled wines.

22. If the court does not grant a preliminary injunction, defendants will continue the activities that infringe plaintiff's trademark in the manner described above. Upon information and belief, defendants have launched an active publicity and advertising campaign centered around the marks "Grayson Hills Winery" and/or "Grayson Hills Vineyards and Winery" and/or their website "www.graysonhillswinery.com" including, but not limited to, a web site campaign touting and offering their wines, a tasting room, and advertised wine products using "Grayson Hills Winery" and/or "Grayson Hills Vineyards and Winery" marks, and/or their website "www.graysonhillswinery.com," sales and promotion of wine products and productions under the marks "Grayson Hills Winery" and/or "Grayson Hills Vineyards and Winery" and/or their website "www.graysonhillswinery.com." Upon information and belief, defendants' advertising and promotional activities under the marks "Grayson Hills Winery" and/or "Grayson Hills Vineyards and Winery" and/or their website "www.graysonhillswinery.com" also include, but are not limited to, a contractual relationship with Appellation America, Inc., a California corporation doing business in San Francisco, California as a communications and publications enterprise.

1  23.  Plaintiff will suffer irreparable injury if the court
2 does not enjoin defendants from using the "Grayson Hills Winery"
3 and/or "Grayson Hills Vineyards and Winery" marks and/or their
4 website "www.graysonhillswinery.com" on defendants' wine products
5 because plaintiff's GRAYSON CELLARS mark will suffer from
6 dilution or generic use.

7  24.  Defendants will not suffer undue hardship or loss as a
8 result of the issuance of a preliminary injunction. Defendants'
9 only recently received federal labeling approval for "Grayson
10 Hills Winery." Defendants' advertising and marketing efforts
11 under their "Grayson Hills Winery" and/or "Grayson Hills
12 Vineyards and Winery" marks, and/or their website
13 "www.graysonhillswinery.com" are nascent and, as such, changing
14 to a new mark, new label, and new website will be less expensive
15 at this early juncture of defendants' enterprise.

16  25.  Issuance of a preliminary injunction would not adversely
17 affect the public interest because it would ultimately protect
18 consumers from confusion, error and deception as to the wine
19 related productions of defendants, including defendants' web-
20 based identity for wine products and/or wineries.

21  26.  Plaintiff asks the court to set this request for
22 preliminary injunction for hearing at the earliest possible time
23 and, after hearing the request, issue a preliminary injunction
24 against defendants.

### J. Damages

26  27.  As a direct and proximate result of defendants' conduct,
27 plaintiff suffered the following damages:
28     a. Actual damages; and

FIRST AMENDED COMPLAINT                -7-

   b. Enhanced damages for willful infringement.

28. Defendants appreciated that their unauthorized use of a mark confusingly similar to plaintiff's would result in a benefit to defendant.

29. Defendants' unauthorized use of "Grayson Hills Winery" and/or "Grayson Hills Vineyards and Winery" and/or their website "www.graysonhillswinery.com" unjustly enriches defendants at the expense of plaintiff's reputation and goodwill.

### K. Attorney Fees

30. This is an exceptional case, and plaintiff is entitled to an award of attorney fees under 15 U.S.C. §1117(a).

### L. Prayer

31. For these reasons, plaintiff asks for judgment against defendants, jointly and severally, for the following:

   a. Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

   (1) Using the designation and/or root "GRAYSON", or any other confusingly similar designation, in connection with the promotion, advertising, or offering of wine products, productions, and/or services.

   (2) Competing unfairly with plaintiff in any manner, including, without limitation, unlawfully adopting or infringing on plaintiff's GRAYSON CELLARS mark or adopting or using any other marks or designations that are confusingly similar to plaintiff's GRAYSON

FIRST AMENDED COMPLAINT                - 8 -

CELLARS mark.

  (3) Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (1) and (2) above.

b. Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver up for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the root designation "GRAYSON" or any other confusingly or substantially similar mark, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. §1118.

c. Defendants file with the court and serve on plaintiff, within 30 days after the entry and service on defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendants has complied with the provisions of subparagraphs (a) and (b) above.

d. Plaintiff recover all damages it has sustained as a result of defendants' infringement and unfair competition.

e. Plaintiff in addition be awarded treble damages under 15 U.S.C. §1117(b).

f. An accounting be directed to determine defendants'

1         profits resulting from their infringement and unfair
2         competition and that the profits be paid over to
3         plaintiff, increased as the court determines is
4         appropriate to the circumstances of this case.
5    g. The court declare this case an exceptional case and
6         award plaintiff its reasonable attorney fees for
7         prosecuting this action under 15 U.S.C. §1117(a).
8    h. Under 15 U.S.C. §1119, the court order the United States
9         Patent and Trademark Office to cancel any pending
10        application for trademark registration defendants may
11        presently have for "Grayson Hills Winery" and/or
12        "Grayson Hills Vineyards and Winery" or any mark using
13        the literal element root "GRAYSON" and to cancel any
14        pending domain name defendants may presently have for
15        "www.graysonhillswinery."
16    I. Plaintiff recover its costs of this action and
17        prejudgment and postjudgment interest.
18    j. Plaintiff have all other relief the court deems
19        appropriate.

Dated: July 5, 2007.    Respectfully submitted,

By: Charles L. Thoeming
BIELEN, LAMPE & THOEMING, P.A.
Two Corporate Centre
1390 Willow Pass Road
Suite 1020
Concord, CA 94520
(925)288.9720
ATTORNEYS FOR PLAINTIFF

FIRST AMENDED COMPLAINT        - 10 -



EXHIBIT "A"