```
 1  WILLIAM E. ADAMS #153330
    DAWN NEWTON #209002
 2  FITZGERALD ABBOTT & BEARDSLEY LLP
    1221 Broadway, 21st Floor
 3  Oakland, California 94612
    Telephone: (510) 451-3300
 4  Facsimile: (510) 451-1527
    Email: wadams@fablaw.com; dnewton@fablaw.com
 5
    MICHAEL R. NICHOLS (Texas SBN #24032788)
 6  LAW OFFICES OF MICHAEL R. NICHOLS
    3001 S. Hardin Blvd., Ste. 110, PMB #155
 7  McKinney, TX 75070
    Telephone: (972) 369-1300
 8  Facsimile: (469) 519-0144
    E-mail: Michael@HightTechIP.com
 9
    Attorneys for Defendants
10
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| Woodmar Group,<br><br>    Plaintiff,<br><br>    vs.<br><br>Rick Magers, individually, and d/b/a Grayson Hills Vineyards and Winery, and/or Grayson Hills Winery, and Connie Magers, individually, and d/b/a Grayson Hills Vineyards and Winery, and/or Grayson Hills Winery,<br><br>    Defendants. | Case No.: 3:07-cv-03063 BZ<br><br>DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF CAPACITY TO SUE, AND FOR FAILURE TO STATE A CLAIM UNDER 15 U.S.C. §1114<br><br>Date:  September 19, 2007<br>Time:  10:00 a.m.<br>Dept.: Courtroom G, 15th Floor |

Defendants file this Motion under Rules 9(a), 10(a), and 12(b)(2) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's suit for lack of capacity to sue Defendant and for lack of personal jurisdiction over Defendants in the forum state. Additionally, Plaintiff's attempt to assert a trademark infringement claim under 15 U.S.C. §1114 is facially invalid, and that claim should be dismissed under Fed R. Civ. P. 12(b)(6).

1
MOTION TO DISMISS: CASE NO.: 3:07-CV-03063 BZ

## I. SUMMARY OF THE ARGUMENT

Plaintiff Woodmar Group's First Amended Complaint (Docket Entry No. 4) should be dismissed under Rules 9(a), 10(a), and 12(b)(2) of the Federal Rules of Civil Procedure for two alternative and independent reasons.

Plaintiff "Woodmar Group," in its current live Complaint, alleges that it is a "corporation organized under the laws of the State of California." See, Plaintiff's First Amended Complaint at 1. According to the corporate records of the California Secretary of State, however, there is not now, nor has there ever been, a corporation named "Woodmar Group" organized under the laws of the State of California. Because "Woodmar Group" is not a cognizable legal entity, it lacks a legal existence and capacity to sue in its own name. Absent a separate legal existence and capacity to sue, Plaintiff's complaint should be dismissed.

Alternatively, Plaintiff's complaint must be dismissed for lack of personal jurisdiction over the Defendants. Defendants Rick and Connie Magers are not residents of California, they do not do business in California, and none of the activities complained of by Plaintiff occurred in or were purposefully directed toward the State of California. In short, Defendants have not established the "minimum contacts" with the State of California prerequisite to the exercise of jurisdiction over Defendants in California.

Additionally, Plaintiff's trademark infringement claim under 15 U.S.C. § 1114 is invalid on its face and should be dismissed under Rule 12(b)(6). 15 U.S.C. § 1114 provides remedies for the infringement of a *registered* trademark. Plaintiff's Complaint alleges only that it has a pending application for a trademark, for which trademark registration has not been granted. Because it does not own any registered mark, Plaintiff has no claim for infringement of a registered mark under 15 U.S.C. § 1114.

## II. PLAINTIFF IS A NON-EXISTENT ENTITY AND CONSEQUENTLY LACKS CAPACITY TO SUE DEFENDANTS

Rule 10 of the Federal Rules of Civil Procedure provides that, "[i]n the complaint the title of the action shall include the names of all parties." See, Showers v. City of Bartow, 978 F.

2
MOTION TO DISMISS: CASE NO.: 3:07-CV-03063 BZ

1  Supp. 1464, 1467 (M.D. Fla. 1997) (dismissing complaint for failure to provide names of
2  defendants). Moreover, the complaint must properly name all parties. See, Ferdik v. Bonzelet,
3  963 F.2d 1258, 1261-62 (9th Cir. 1992) (complaint dismissed for failure to properly identify
4  defendants); Coe v. United States Dist. C., 676 F.2d 411, 415 (10th Cir. 1982) (noting that there
5  "is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious
6  names"); Agresta v. City of Philadelphia, 694 F. Supp. 117, 119 (E.D. Pa. 1988) (dismissing
7  complaint because "The Police Department of the City of Philadelphia" had no legal existence).
8  Rule 9 of the Federal Rules of Civil Procedure provides that "[w]hen a party desires to raise an
9  issue as to the legal existence of any party…the party desiring to raise the issue shall do so by
10 specific negative averment."

   According to the records of the California Secretary of State, there is not now, nor has
11 there ever been a California corporation with the name "Woodmar Group." Request for Judicial
12 Notice, Exhibit A. Accordingly, the named Plaintiff in this action lacks any legal existence or
13 capacity to sue as a legal entity, and its Complaint should be dismissed under Rule 10(a) of the
14 Federal Rules of Civil Procedure.

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

   Where, as in the present case, a defendant moves to dismiss a complaint for lack of
personal jurisdiction, the plaintiff bears the burden of demonstrating jurisdiction is appropriate.
Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004), citing, Sher v.
Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

   Federal courts do not have jurisdiction over a nonresident defendant unless the
nonresident defendant has purposefully established "minimum contacts" with the forum state
and the exercise of jurisdiction comports with "fair play and substantial justice." Burger King
Corp. v. Rudzewicz, 471 U.S. 462, 475-76, 105 S. Ct. 2174, 2183-84 (1985); World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92, 100 S. Ct. 559, 564 (1980); International
Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

In the Ninth Circuit, a three-part test is employed to analyze whether a party's "minimum contacts" meet the requirements set forth by the Supreme Court in the above-cited cases. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006). This test is satisfied when "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." Id., citing Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

The only act complained of by Woodmar Group is the vague allegation that Mr. and Mrs. Magers engaged in "unauthorized use of either 'Grayson Hills Winery' or 'Grayson Hills Vineyards and Winery' and/or their website 'www.graysonhillswinery.com' as a mark." Woodmar Group does not provide any additional information as to the circumstances (including location) surrounding such alleged unauthorized use. In particular, Woodmar Group has not alleged that the Magers' have engaged in any unauthorized use of the mark(s) in or directed toward California.

In fact, Mr. and Mrs. Magers do not advertise or sell *any* products or services in California. Richard S. Magers Declaration ("Magers Decl."), ¶4. Grayson Hills Winery, the Magers' vineyard, and their tasting room are located in Grayson County, Texas. The Magers conduct no business in California. The wines sold by Mr. and Mrs. Magers are sold only in Texas and not through distributors or direct shipment to customers (in or out-of-state). Magers Decl., ¶3. The Magers have never made even a *single* sale of wine in or to California. In fact, Mr. and Mrs. Magers do not even hold the requisite governmental licensing to be able to make out-of-state sales or direct shipments to customers. Magers Decl., ¶5.

To the extent that Woodmar Group believes the Magers' "Grayson Hills Winery" website to be infringing, the Ninth Circuit has made it clear that the mere existence of a website (which may be viewable anywhere, including California) is insufficient to subject a defendant to personal jurisdiction. Pebble Beach Co., *supra*, 453 F.3d at 1160 (a passive website and domain

1  name are an insufficient basis for asserting personal jurisdiction, as a matter of law). Woodmar
2  Group has not alleged that the Magers' website is specifically aimed at California consumers or
3  that it is possible to order products from the Magers' website to be shipped to California. Indeed,
4  as indicated above, the Magers do not ship direct to customers and do not sell their wines out of
5  the State of Texas.
6      Therefore, Woodmar Group has failed to allege facts establishing personal jurisdiction in
7  California and its Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2).

### IV. PLAINTIFF'S CLAIM UNDER 15 U.S.C. § 1114(1) FOR INFRINGEMENT OF A REGISTERED TRADEMARK SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT OWN A REGISTERED TRADEMARK

11  Plaintiff's trademark infringement claim under 15 U.S.C. § 1114(1) is invalid on its face
12  and should be dismissed under Rule 12(b)(6) for failure to state a claim. 15 U.S.C. § 1114(1)
13  provides remedies for the infringement of a *registered* trademark. See, 15 U.S.C. § 1114(1)
14  ("Any person who shall, without the consent of the registrant...").
15  Woodmar Group's Complaint alleges only that it has a *pending application* for a
16  trademark. Woodmar Group does not allege that the trademark has been registered to it, and
17  Counsel for Defendant has verified (through the U.S. Patent and Trademark Office's trademark
18  status database) that, in fact, Plaintiff *has not* received registration for the mark applied for.
19  Request for Judicial Notice, Exhibit B. Therefore, because it does not own a registered mark,
20  Plaintiff has no claim for infringement of a registered mark under 15 U.S.C. § 1114(1).
21  Accordingly, Plaintiff's claim under 15 U.S.C. § 1114(1) should be dismissed.

### V. CONCLUSION

23  Because Plaintiff is a non-existent entity and lacks capacity to sue, because Defendants
24  are not subject to personal jurisdiction in California, and because Plaintiffs cannot sue for
25  / / /
26  / / /
27  / / /

1  infringement of a registered trademark without first obtaining trademark registration,
2  Defendants respectfully request that this suit be dismissed in its entirety.

4  Dated: August 6, 2007                FITZGERALD ABBOTT & BEARDSLEY LLP

                                        By _____
                                        William E. Adams
                                        Attorneys for Defendants